1
2
3
4
5
6

7              UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                   OAKLAND DIVISION

10

11 | CALIFORNIANS FOR RENEWABLE          Case No:  C 15-3292 SBA
   | ENERGY, ASHURST BAR/SMITH
12 | COMMUNITY ORGANIZATION,             **ORDER GRANTING IN PART**
   | CITIZENS FOR ALTERNATIVES TO        **AND DENYING IN PART**
13 | RADIOACTIVE DUMPING, SAINT          **DEFENDANTS' MOTION TO**
   | FRANCIS PRAYER CENTER, SIERRA       **ALTER JUDGMENT**
14 | CLUB, and MICHAEL BOYD,
                                         Dkt. 117
15 |              Plaintiffs,

16 |      vs.

17 | UNITED STATES ENVIRONMENTAL
   | PROTECTION AGENCY and ANDREW R.
18 | WHEELER, in his official capacity as
   | Administrator of the Environmental
19 | Protection Agency,

20 |              Defendants.

21 |_____

22        Various public interest organizations filed suit against the Environmental

23   Protection Agency ("EPA") and its Administrator, Andrew Wheeler, under the

24   Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), claiming that the

25   EPA's Office of Civil Rights ("OCR") failed to timely act on their administrative

26   complaints in accordance with 40 C.F.R. § 7.115 ("§ 7.115").  The Court

27   previously entered final judgment in favor of Plaintiffs on five of the six claims

28   alleged in the Second Amended Complaint.

This matter is presently before the Court on Defendants' Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e).  Having read and considered the papers submitted in connection with this matter, the Court GRANTS IN PART and DENIES IN PART said motion.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    BACKGROUND

Between 1992 and 2003, Plaintiffs filed five administrative complaints with the OCR (previously known as the External Civil Rights Compliance Office), pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI").  The complaints alleged that decisions by state and local agencies to grant permits approving the operation of environmentally hazardous facilities (i.e., power plants, a refinery, a hazardous waste facility and a landfill) in minority communities violate Title VI's prohibition against discrimination by recipients of public funds.

Under § 7.115, the EPA must issue preliminary findings and any recommendations for achieving compliance within 180 days of accepting a Title VI administrative complaint for investigation.  40 C.F.R. § 7.115.  Claims one through five were predicated on the OCR's failure to timely act on Plaintiffs' respective administrative complaints in accordance with § 7.115.  Pursuant to 5 U.S.C. § 706(1), Plaintiffs sought an order to "compel agency action unlawfully withheld or unreasonably delayed."  In their sixth claim, Plaintiffs averred that the OCR engaged in a "pattern and practice" of failing to issue preliminary findings and recommendations for voluntary compliance, if any, within 180 days of accepting a Title VI complaint for investigation.

On March 30, 2018, the Court issued its ruling on Plaintiffs' motion for summary judgment and the EPA's motion to dismiss and for summary judgment.  Dkt. 114.  As to claims one through five, the Court granted summary judgment for Plaintiffs, finding that, under § 7.115, the EPA has a mandatory duty to issue

preliminary findings within 180 days of accepting a complaint for investigation, and that the EPA failed to comply with that duty.  Summ. J. Order at 26, Dkt. 114. The Court granted summary judgment for the EPA on the "pattern and practice" claim, finding that the claim was not legally cognizable.  Id. at 39.

Among the many arguments considered by the Court in connection with the parties' cross-motions was the EPA's contention that Plaintiffs' claims, even if valid, are moot as a result of the OCR's resolution of each of the underlying administrative complaints subsequent to the commencement of this action.  The Court agreed that Plaintiffs' request for injunctive relief was moot in light of the resolution of their complaints.  However, the Court found that "effective relief" remained available to Plaintiffs in the form of declaratory relief and "a prospective injunction requiring the EPA to timely process Plaintiffs' future Title VI complaints that are accepted for investigation by the EPA."  Id. at 32 (citing Rosemere Neighborhood Ass'n v. U.S. EPA, 581 F.3d 1169, 1171 (9th Cir. 2009)).

In the conclusion of the summary judgment order, the Court directed the parties to meet and confer regarding the form of the proposed judgment.  Dkt. 114 at 39.  In the event the parties could not agree on the terms of the judgment, the order instructed them to submit a joint letter which set forth their respective positions on any disputes concerning the proposed judgment.  Id.  The parties failed to reach an agreement and thus submitted a joint letter brief along with the proposed judgment.  Dkt. 115 Ex. A & B.

The EPA objected, inter alia, to paragraph 5 of the proposed judgment, which stated, in relevant part, that: "Defendants must timely process any *pending and future* Title VI complaint submitted by Plaintiffs and accepted for investigation by EPA…."  Dkt. 115-1 at 4 (emphasis added).  The EPA challenged that provision on two grounds: (1) there should be a five-year time limit on the EPA's compliance period; and (2) the injunctive relief should exclude "pending"

complaints and apply only to "future" complaints.  Dkt. at 115-2 at 3.  With regard to the latter objection, the EPA argued that the Court's summary judgment order only provided injunctive relief for "future Title VI complaints."  Id.  The Court ultimately agreed with the EPA regarding the time limit and modified the proposed judgment to indicate that the EPA's obligations thereunder ceased after five years.  Dkt. 116 (Judgment).  The Court did not delete the reference to "pending" complaints.  Id.  Thus, paragraph 5 of the proposed judgment (renumbered paragraph 4 in the final judgment) was modified, as indicated by the italicized language below:

> The EPA shall timely process any pending and future Title VI complaints submitted by Plaintiffs and accepted for investigation by EPA as follows: for any pending investigation into a Title VI complaint submitted by any Plaintiff, EPA must issue preliminary findings and any recommendations for voluntary compliance, or otherwise resolve the complaint, within 180 days of the date of entry of this judgment; for any Title VI complaint submitted by any Plaintiff and accepted by EPA after the date of entry of this judgment, EPA must issue preliminary findings and any recommendations for voluntary compliance, or otherwise resolve the complaint, within 180 days of the date of acceptance. ***The requirements of this paragraph shall continue for a period of five years from the date judgment is entered***.

Judgment at 2 (emphasis added), Dkt. 116.

After the Court entered Judgment, the EPA filed the instant motion to amend.  Dkt. 117.  With regard to the provision that "Defendants must timely process any *pending and future* Title VI complaint submitted by Plaintiffs," the EPA now takes the complete opposite position that it took in its letter brief. Specifically, it argues that the reference to "future," as opposed to "pending," complaints should be deleted, such that paragraph 4 would read: "The EPA shall timely process any *pending* Title VI complaints submitted by Plaintiffs …."  Id. at 10 (emphasis added).  According to the EPA, relief under the APA is limited to rectifying a discrete agency action that it has "already" failed to take.  As such, the

Court, in the EPA's view, cannot grant prospective injunctive relief with regard to future administrative complaints that Plaintiffs may file within the next five years. Dkt. 117 at 10-14.

As an alternative to deleting the reference to "future" complaints, the EPA proposes altering the final judgment to account for the fact that the 180-day resolution deadline may be extended pursuant to EPA's regulations in the event that "the complainant and the party complained against agree to a delay pending settlement negotiations." 40 C.F.R. § 7.120.  To that end, the EPA suggests including the following text after the comma between "complaint" and "within" in the next to last sentence of paragraph 4: "subject to any extension agreement between the complainant and the party complained against under 40 C.F.R. § 7.120."  Id. at 11 n.3.  The proposed, alternative modification is denoted below in italics:

> The EPA shall timely process any pending and future Title VI complaints submitted by Plaintiffs and accepted for investigation by EPA as follows: for any pending investigation into a Title VI complaint submitted by any Plaintiff, EPA must issue preliminary findings and any recommendations for voluntary compliance, or otherwise resolve the complaint, within 180 days of the date of entry of this judgment; for any Title VI complaint submitted by any Plaintiff and accepted by EPA after the date of entry of this judgment, ***subject to any extension agreement between the complainant and the party complained against under 40 C.F.R. § 7.120***, EPA must issue preliminary findings and any recommendations for voluntary compliance, or otherwise resolve the complaint, within 180 days of the date of acceptance. The requirements of this paragraph shall continue for a period of five years from the date judgment is entered.

Plaintiffs oppose the EPA's motion insofar as it seeks to delete the reference to "future" administrative complaints; however, they do not object to the EPA's

alternative modification regarding extending the 180-day deadline under section

7.120.  The motion is now fully briefed and is ripe for adjudication.[1]

## II.   LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e).  A court has "considerable discretion in granting or denying the motion."  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).  However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  As such, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, a district court is within in its discretion to deny a motion for reconsideration where the moving party had the opportunity but failed to raise the argument earlier.  Id.

---

[1] The Court held the motion in abeyance and referred the matter to Magistrate Judge Laurel Beeler to conduct a settlement conference in an effort to resolve the dispute concerning the language of the Judgment, along with any other outstanding issues.  Despite the parties' efforts to reach an agreement, they were unable to do so.  As a result, the Court lifted the stay and directed the parties completed briefing on the EPA's motion to amend the judgment.  Dkt. 141, 142, 143.

## III.   __DISCUSSION__

The threshold question presented is whether the EPA could have but failed to object to the provision in paragraph 5 of the final judgment requiring the EPA to "timely process any pending *and future* Title VI complaints submitted by Plaintiffs…."  Dkt. 116.  As noted above, a district court has no obligation to consider an argument raised for the first time on a motion for reconsideration.  See Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) ("courts will not address new arguments or evidence that the moving party could have raised before the decision"); Kona Enters., 229 F.3d at 890; see also Slaven v. Am. Trading Transp. Co., 146 F.3d 1066, 1069 (9th Cir. 1998) ("if a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal").

In the instant case, the Court, in its summary judgment ruling, instructed Plaintiffs to meet and confer with the EPA regarding the terms of the proposed judgment, and for the parties to submit a joint letter brief addressing any points of contention.  Dkt. 114 at 39.  Paragraph 5 of the proposed judgment clearly recited that "Defendants must timely process any *pending and future* Title VI complaint submitted by Plaintiffs…."  Dkt. 151-1 at 4.  The only objections and requests made by the EPA with respect to that provision were that: (1) the reference to "pending" complaints be deleted, and (2) its obligation to timely process Plaintiffs' complaints be limited to five years.  Dkt. at 115-2 at 3.  Nowhere in the letter brief did the EPA argue, as it does now, that the provision for "future" Title VI complaints is beyond the scope of the APA.  To the contrary, the EPA expressly acknowledged that an injunction as to future complaints is consistent with the Court's summary judgment ruling.  Dkt. 115-2 at 3.

The EPA tacitly concedes its failure to object to the inclusion of "future" complaints but blames the Court for not providing sufficient space in the joint letter brief to make such an objection.  This contention strains credulity.  The

1   parties submitted a two-page *single-spaced* letter brief identifying their respective

2   points of concern in which the EPA devoted an entire paragraph to paragraph 5 of

3   the proposed judgment.  To the extent that the EPA then had any concern

4   regarding the Court's authority to require it to timely address future complaints

5   submitted by Plaintiffs, it, at a minimum, could have expressed that objection in a

6   sentence.  If the Court required elaboration, it could have scheduled a hearing or

7   ordered further briefing.  Moreover, if the EPA believed it required more space to

8   articulate any objections or concerns, it could have filed an administrative motion

9   pursuant to the Civil Local Rules requesting an enlargement of the page limit.  As

10  such, the EPA is hard-pressed to now claim that it did not have a sufficient

11  opportunity to state its objection to the injunctive relief provision of the proposed

12  judgment.[2]

13          In sum, the Court declines to consider the EPA's newly-asserted contention

14  that the Court should not have included "future" complaints within the scope of

15  injunctive relief afforded to Plaintiffs.  See Banister, 140 S. Ct. at 1703.  Having

16  failed to avail itself of the opportunity to object to the inclusion of such relief

17  before the judgment was entered, the EPA will not be allowed to make such an

18  objection for the first time in its motion for reconsideration.  Arch Ins. Co. v. FTR

19  Int'l Inc., No. CV122544JFWRNBX, 2013 WL 12173916, at *5 (C.D. Cal. May

20  31, 2013) (defendants' belated objection to the form of the judgment deemed

21  waived where they had the opportunity, but failed, to object before the judgment

22  was entered).  Under the circumstances, the Court finds that the matter of whether

23          [2] It also bears noting that in their summary judgment motion, Plaintiffs
24  expressly and unequivocally stated that they were seeking prospective relief with
    respect to administrative complaints filed in the future.  Dkt. 98 at 29 (demanding
25  that the EPA "comply with the 180-day timeline to issue preliminary findings for
    any future Title VI complaints filed by Plaintiffs and accepted for investigation by
26  EPA.") (emphasis added).  Id. at 29-33.  The EPA did not respond to this claim
    request on the merits.  Instead, the EPA made a procedural argument that the
27  Court had previously adjudicated such request—when, in fact, it had not done so.
    Dkt. 100 at 9.  Notably, the EPA did not argue, as it does now, that the Court has
28  no legal authority under the APA to grant prospective injunctive relief.

the Court exceeded its authority has been waived, and therefore, reconsideration is not warranted.[3]

**IV.   CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion to Alter Judgment is DENIED IN PART and GRANTED IN PART.  The motion is denied with respect to the EPA's request to delete the reference to "future" complaints.  The motion is granted with respect to the EPA's alternative request.  The judgment shall be modified to include the following text following the comma between "complaint" and "within" in the next to last sentence of paragraph 4: "subject to any extension agreement between the complainant and the party complained against under 40 C.F.R. § 7.120."  The Court will issue an amended judgment reflecting this revision.

IT IS SO ORDERED.

Dated:  09/30/20

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[3] Waiver aside, the substance of the EPA's objection—that a district court has no authority to impose prospective relief—is uncompelling.  "[A]s a court of equity conducting judicial review under the APA, [this Court] has broad powers to order 'mandatory affirmative relief,' … if such relief is 'necessary to accomplish complete justice….'"  Nw. Envtl. Def. Ctr. v. Bonneville Power Admin., 477 F.3d 668, 680-81 (9th Cir. 2007)) (internal citations omitted); E.E.O.C. v. Peabody W. Coal Co., 610 F.3d 1070, 1085 (9th Cir. 2010) ("Prospective relief requiring, or having the effect of requiring, governmental officials to obey the law has long been available.").