SUZANNE NOVAK (NY Bar No. 292574)
*[Admitted Pro Hac Vice]*
JONATHAN SMITH (CA Bar No. 286941)
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7376
snovak@earthjustice.org
jjsmith@earthjustice.org

MARIANNE L. ENGELMAN LADO
(NY Bar No. 2212579)
*[Admitted Pro Hac Vice]*
Environmental Justice Clinic
Vermont Law School
164 Chelsea Street
P.O.Box 96
South Royalton, VT 05068
(917) 608-2053
mengelmanlado@vermontlaw.edu

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIANS FOR RENEWABLE ENERGY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et ano.,**<br><br>Defendants. | Case No. 4:15-cv-03292-SBA (LB)<br><br>**PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

Californians for Renewable Energy, Ashurst/Bar Smith Community Organization, Citizens for Alternatives to Radioactive Dumping, Saint Francis Prayer Center, Sierra Club, and Michael Boyd ("Plaintiffs") hereby apply for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the total amount of $1,118,808.41 for work in this case brought primarily under a provision of the Administrative Procedure Act, 5 U.S.C. § 706. Plaintiffs successfully challenged EPA's failure to timely act in accordance with 40 C.F.R. § 7.115 on Plaintiffs' respective administrative complaints under Title VI of the Civil Rights Act of 1964.

Under EAJA, a court shall award fees and costs to a prevailing party in a civil case against a federal agency, such as this one, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d).

Because Plaintiffs and Defendants seek to efficiently resolve their disputes and avoid undue administrative burdens on the court, the parties are filing concurrently a stipulation to defer further proceedings on this fee application while they attempt to resolve the matter by settlement.

## ARGUMENT

### I.  Plaintiffs Are the Prevailing Party

Plaintiffs are "prevailing parties" in this litigation because the Court (1) denied EPA's motion to dismiss; (2) granted Plaintiffs' motion for summary judgment as to Claims One through Five; and (3) issued a judgment that materially altered the legal relationship between the parties and was substantially similar to Plaintiffs' proposed judgment. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("[A] 'prevailing party' is one who has been awarded some relief by the court . . . ."); *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058–59 (9th Cir. 2009). Plaintiffs successfully sought and obtained declaratory and injunctive relief regarding EPA's failure to meet its mandatory duty to timely issue preliminary findings and recommendations for voluntary compliance regarding Plaintiffs' Title VI administrative complaints.

That the Court ruled in Plaintiff's favor for five of their six claims – instead of all six – in no way diminishes Plaintiffs' status as prevailing parties. "[A] prevailing party need not achieve all of

the relief claimed, but merely some of the benefit the parties sought in bringing the suit." *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1035 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, the Court found that EPA "often takes years to act on a [Title VI] complaint—and even then, acts only after a lawsuit has been filed," and granted Plaintiffs declaratory and prospective injunctive relief in accordance with that finding. *See* Dkt. 114 at 29; *see also* Am. J., Dkt. 145 at 2. Because Plaintiffs achieved almost all of the relief they sought in this suit, they are the prevailing parties. *See Park*, 464 F.3d at 1035.

## II. EPA Cannot Meet Its Burden Under EAJA of Showing That its Position Was Substantially Justified

Defendants can defeat an award only if they can prove that their position both prior to and in the litigation was substantially justified. 28 U.S.C. § 2412(d); *Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir. 1984). EPA bears the burden of proving such justification. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991); *Int'l Woodworkers of Am., AFL-CIO v. Donovan*, 769 F.2d 1388, 1390 (9th Cir. 1985).

Defendants cannot meet this burden here. The Court's forty-page Opinion and Order on the parties' dispositive motions pointedly described why EPA's positions both prior to and during the litigation were not justified. As the Court noted, "[d]espite the prior litigation involving its failures to resolve Title VI complaints in a timely manner and this Circuit's criticism of those delays, the EPA has allowed Plaintiffs' complaints to languish for decades. It was only during the pendency of this action that the EPA resolved each of Plaintiffs' administrative complaints." Dkt. 114 at 29.

The Court also took issue with the substance of the Defendants' arguments defending their failure to act on the Title VI complaints. Specifically, the Court found it "clear that [EPA regulations] impose[] a mandatory duty upon the EPA to issue preliminary findings within 180 days of accepting a complaint for investigation," despite EPA's "deni[al of] the existence of a mandatory duty." *Id.* at 23–24. Indeed, the Court explained that EPA's position was contrary to Ninth Circuit authority and did not "make any logical sense." *Id.* at 25, 29.

Finally, the Court also called into question Defendants' unrelenting refusal to accept that their conduct was unjustified and the Court's orders regarding that conduct. In fact, the Court lamented that despite "significant motion practice, including voluminous motions for summary judgment and to dismiss" and letter briefing about the proposed form of judgment, EPA, "apparently dissatisfied with the Court's resolution," filed a motion to amend the Judgment. Order Referring Action for Further Settlement Conference, Dkt. 118.

Under these circumstances, Defendants cannot demonstrate that their position was substantially justified.[1]

### III. Plaintiffs Are Eligible for an EAJA Award

Individuals whose net worth does not exceed $2,000,000 and organizations with fewer than 500 employees whose net worth does not exceed $7,000,000 or that are exempt from taxation under section 501(c)(3) of the Internal Revenue Code are eligible for fees under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B). Each of the plaintiff organizations in this case, except Sierra Club, meets the eligibility requirements for an award of fees and costs under EAJA. Michael Boyd is an individual whose net worth does not exceed $2,000,000. Californians for Renewable Energy and the Saint Francis Prayer Center are exempt from taxation under section 501(c)(3) of the Internal Revenue Code. Citizens for Alternatives to Radioactive Dumping and Ashurst Bar/Smith Community Organization and are organizations with a net worth below $7 million and fewer than 500 employees. Accordingly, these Plaintiffs satisfy the EAJA party eligibility requirements for an award of fees and costs.

The participation of Sierra Club in the lawsuit does not alter the availability of a fee award under EAJA to the other Plaintiffs because those Plaintiffs would have pursued the case even without the participation of Sierra Club and Plaintiffs' attorneys likely would not have brought the case without the participation of at least some of the EAJA-eligible Plaintiffs. *See Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1431–32 (W.D. Wash. 1989); *see also Nat. Res. Def. Council, Inc. v. Winter*, No. CV 06-4131 FMC (JCx), 2007 WL 9754340, at *2 (C.D. Cal. Jan. 3,

---

[1] Indeed, EPA's positions prior to and during the litigation also form the basis for an award of fees at the market rate, rather than EAJA's general statutory rate. *See infra* p. 4-6.

2007); *United States v. 27.09 Acres of Land*, 43 F.3d 769, 774–75 (2d Cir. 1994). The eligible parties may seek a full award of fees under the EAJA. *See Ctr. for Food Safety v. Vilsack*, No. C-08-00484 JSW (EDL), 2011 WL 6259891, at *10 (N.D. Cal. Oct. 13, 2011), report and recommendation adopted by 2011 WL 6259683 (N.D. Cal. Dec. 15, 2011) (awarding eligible plaintiffs full attorney fees under EAJA despite the participation of ineligible Sierra Club as a plaintiff); *League for Coastal Prot. v. Kempthorne*, No. C 05-0991-CW, 2006 WL 3797911, at *3 (N.D. Cal. Dec. 22, 2006) (same).[2]

## IV. Plaintiffs Are Entitled to an Enhancement for Their Attorneys' Rates

As established above, Plaintiffs prevailed on their core claims and thus are entitled to the full amount allowed under the EAJA. "The result is what matters … [where] a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435 (noting that "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee). Because Plaintiffs obtained an excellent result here, their attorneys "should recover a fully compensatory fee." *See id.*

While EAJA establishes a fee recovery rate of $125 per hour, a court may award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved," 28 U.S.C. § 2412(d)(2)(A), or where an attorney is "'qualified for the proceedings' in some specialized sense," *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). A defendant's "bad faith," such as continuation of an action it knew to be baseless, may also entitle a qualifying plaintiff for fee enhancement. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1180–81 (9th Cir. 2019) (en banc).

Plaintiffs are entitled to enhanced rates for their attorneys' time because of their attorneys' unique and specialized expertise at the intersection of both civil rights and environmental litigation, as well as the limited availability of such qualified litigators for this type of proceeding. *Pierce*, 487 U.S. at 572; *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1162 (9th Cir. 2008). Examples

---

[2] Plaintiffs will provide supporting declarations and other evidence to more fully address any fee award eligibility issues, if necessary, at the time the application is fully briefed and presented to the Court.

of distinctive knowledge and specialized skill include "an identifiable practice specialty." 543 F.3d at 1158. Federal environmental law and expertise in civil rights are specialized practice areas warranting fee enhancements under EAJA in the Ninth Circuit. *See, e.g., Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge."); *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (awarding enhanced rates to attorneys with "distinctive knowledge and specialized skill in . . . litigation involving the rights of detained immigrants"). Indeed, in numerous cases, courts have granted attorneys at Earthjustice (formerly the Sierra Club Legal Defense Fund) fee enhancement for their special expertise in environmental law. *See, e.g.*, *Pollinator Stewardship Council v. EPA*, No. 13-72347, 2017 WL 3096105 (9th Cir. 2017); *Portland Audubon Soc'y v. Lujan*, 865 F. Supp. 1464, 1476 (D. Or. 1994); *Seattle Audubon Soc'y v. Evans*, 771 F. Supp. 1081 (W.D. Wash. 1991), *aff'd*, 952 F.2d 297 (9th Cir. 1991).

This case "involved more than a routine or straightforward application of the Administrative Procedure Act . . . [It required] distinctive knowledge or specialized skill" regarding civil rights and environmental law at the state and federal levels. *Pollinator Stewardship Council*, 2017 WL 3096105, at *4; *see also Nat. Res. Def. Council*, 543 F.3d at 1161. Plaintiffs' attorneys possessed the knowledge and skills needed to prosecute this case, including, but not limited to, experience litigating civil rights cases; extensive familiarity with the EPA Office of Civil Rights' procedures, practices, and prior positions; environmental standing; and the availability – or lack thereof – of adequate alternative remedies under federal and state environmental and civil rights law for Plaintiffs' claims.[3] These skills are in short supply in the market at EAJA rates. For these reasons, Plaintiffs seek reimbursement at enhanced market rates for the legal services provided by its attorneys.[4]

---

[3] Plaintiffs will provide supporting declarations and other evidence to more fully address the relevant expertise of Plaintiffs' attorneys, if necessary, at the time the application is fully briefed and presented to the Court.

[4] The rates included in the table below are reasonable based on the skill and experience of the attorneys who handled the case, as well as the prevailing market rate of attorneys of equivalent specialization, skill, and experience. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiffs will provide supporting declarations and other evidence to more fully address reasonable hourly rates, if necessary, at the time the application is fully briefed and presented to the Court.

Plaintiffs are also entitled to market rates for their fees because of EPA's bad faith in this action. *Ibrahim*, 912 F.3d at 1180–81. An "agency's continuation of an action it knew to be baseless" is a "prime example of bad faith" entitling Plaintiffs to fees at the market rate, rather than EAJA's general statutory rate. *Id.* (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 877 (9th Cir. 1996)). Here, the court noted Defendants' persistent litigation in defense of their noncompliance with their civil rights obligations, despite clear directives to change course. Specifically, the Court stated it "is well documented that the EPA has been sued repeatedly for failing to investigate Title VI complaints in a timely manner" and that "EPA often takes years to act on a complaint—and even then, acts only after a lawsuit has been filed." Dkt. 114 at 29. Judge Armstrong concluded by observing that "despite Ninth Circuit authority to the contrary, the EPA continues to argue in this action that it has no mandatory duty to act on Title VI complaints." *Id.*

**V.     The Hours for Which Reimbursement Is Sought Are Appropriate**

Plaintiffs seek a fee recovery for the time spent by their attorneys and legal staff under attorney supervision. Plaintiffs derived the hours for which reimbursement is sought from the time records of the attorneys, after eliminating time for arguably non-compensable tasks and exercising billing judgment to further reduce the number of hours for which fees are sought. A summary of the time for each attorney and supervisee is set out below. The time records for these hours will be submitted when this application is fully briefed and presented. The hours for which reimbursement is sought are reasonable in light of the nature and extent of the proceedings in this case. *See supra* Footnote 4.

| CARE v. EPA, Case No. 4:15-cv-03292-SBA (LB) | | | | | |
|---|---|---|---|---|---|
| **Name** | **Role and Experience** | **Years Worked** | **Total Hours[5]** | **Rate** | **Amount Incurred** |
| Deborah Goldberg | Att'y, 1986 J.D. | 2016-2018 | 13.4 | $700 | $9,380.00 |
| Marianne Engelman Lado | Att'y, 1987 J.D. | 2015-2020 | 322.5 | $750 | $241,875.00 |
| Suzanne Novak | Att'y, 1997 J.D. | 2016-2020 | 589.5 | $650 | $383,175.00 |
| Irene Gutierrez | Att'y, 2007 J.D. | 2015-2016 | 25.0 | $500 | $12,500.00 |
| Jonathan Smith | Att'y, 2012 J.D. | 2015-2020 | 875.8 | $400 | $350,320.00 |
| Heather Lewis | Att'y, 2013 J.D. | 2017-2019 | 23.6 | $350 | $8,260.00 |
| Michael Youhana[6] | 2019 J.D. | 2019-2020 | 39.5 | $200 | $7,900.00 |
| Various Clerks | Law Clerk | 2015-2020 | 377.2 | $190 | $71,668.00 |
| Alok Disa | Paralegal | 2015-2018 | 154.1 | $100 | $15,410.00 |
| Mariana Lo | Paralegal | 2015-2020 | 64.5 | $100 | $6,450.00 |
| Other Paralegals | Paralegal | 2018 | 8.2 | $100 | $820.00 |
| | | | | Total Fees | $1,107,758.00 |
| | | | | Reimbursable Expenses | $11,050.41 |
| | | | | **TOTAL** | $1,118,808.41 |

## **CONCLUSION**

Plaintiffs seek an award of attorney's fees and costs under EAJA in the total amount of $1,118,808.41. This request will be fully briefed and presented at a later date pursuant to a stipulation between Plaintiffs and the Defendants.

Respectfully submitted this 23rd day of December, 2020.

EARTHJUSTICE

By: */s/ Suzanne Novak*

---

[5] This is the total number of hours for which Plaintiffs seeks compensation. It already reflects a reduction of a significant number of hours in the exercise of billing judgment and in consideration of other factors from the total number of hours actually spent on the various aspects of the case by Plaintiffs' counsel.

[6] Michael Youhana's swearing-in ceremony is on January 18, 2021; consequently, his hourly rate reflects his non-barred status during his work on this case.

| | |
|---|---|
| SUZANNE NOVAK (NY Bar No. 292574)<br>*[Admitted Pro Hac Vice]*<br>JONATHAN SMITH (CA Bar No. 286941)<br>Earthjustice<br>48 Wall Street, 15th Floor<br>New York, NY 10005<br>(212) 845-7376<br>snovak@earthjustice.org<br>jjsmith@earthjustice.org | MARIANNE L. ENGELMAN LADO<br>(NY Bar No. 2212579)<br>*[Admitted Pro Hac Vice]*<br>Environmental Justice Clinic<br>Vermont Law School<br>164 Chelsea Street<br>P.O.Box 96<br>South Royalton, VT  05068<br>(917) 608-2053<br>mengelmanlado@vermontlaw.edu |

*Attorneys for Plaintiffs*